IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN FRANCIS RYDER,                                Civil No. 05-1570-HU

       Petitioner,                          FINDINGS AND RECOMMENDATION

    v.

JEAN HILL,

       Respondent.


TONIA L. MORO
Office of the Federal Public Defender
15 Newtown Street
Medford, OR  97501

    Attorney for Petitioner

HARDY MYERS
Attorney General
LESTER R. HUNTSINGER
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge.

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#14) should be denied and this proceeding dismissed.

## BACKGROUND

In April 2002, two sisters, ages 11 and 15, reported inappropriate touching by Petitioner to school authorities. Petitioner was the husband of their long time care provider. A Marion County grand jury returned a six-count indictment, four counts relating to abuse of the 11-year old (Counts 1, 2, 3 and 4) and two counts relating to abuse of the 15-year old (Counts 5 and 6). Petitioner admitted to inappropriately touching the 15-year old twice, but disputed the allegations by the 11-year old.

The day before trial, Petitioner signed a plea agreement waiving a jury trial and agreeing to a stipulated facts trial on Counts 3 and 4, Sexual Abuse in the First Degree, pertaining to the 11-year old, and pleading guilty to Counts 5 and 6, Sexual Abuse in the Second Degree of the 15-year old. In return, prosecutors dismissed Counts 1 and 2, and agreed to a 75-month Measure 11 sentence. Sentences on all charges, including a second 75-month Measure 11 sentence, were to run concurrently.

2 - FINDINGS AND RECOMMENDATION

The parties presented the plea agreement to the court in chambers because they intended to bind the judge's sentencing discretion.

The following day, at the change of plea hearing Petitioner told the court he understood that he was pleading guilty to Counts 5 and 6, and that the plea agreement would result in a maximum 75-months sentence. However, Petitioner expressed confusion as to the stipulated facts trial, and his attorney conveyed that Petitioner wanted to be clear that he was not pleading guilty to the allegations relating to the 11-year old. The court explained that Petitioner would be stipulating to the facts on Counts 3 and 4, and that the court expected to find him guilty if the stipulated facts established his guilt. Then, because there was no written stipulated facts, the court asked the prosecution to recite the stipulations so that Petitioner would know them.

Following the recitation of the stipulated facts, the court explained that Petitioner was stipulating to the facts as stated by the prosecution, that he would not be able to present any other evidence, and that he would not be able to testify or refute the facts stated by the prosecution. The court also explained the plea agreement required that he agree that the stipulated facts represented what the state could present with respect to Counts 3 and 4. Ultimately, Petitioner agreed the

state would present the facts as stated, telling the court that the plea agreement was his best choice in light of all the pressure he was getting from his attorney and his family. The court found Petitioner's jury waiver to be voluntary, knowing and intelligent, and based on the stipulated facts, found Petitioner guilty on Counts 3 and 4. At sentencing, the court imposed a 75-month Measure 11 sentence, with the remaining sentences to run concurrently as specified in the plea agreement. Petitioner did not file a direct appeal.

Petitioner filed for post-conviction relief (PCR) in May, 2003, raising thirteen claims of ineffective assistance of counsel. Petitioner's claims were specific to the convictions on Counts 3 and 4, and included that counsel coerced Petitioner into taking the plea and agreeing to a stipulated facts trial. The PCR court denied relief. Petitioner appealed, filing a *Balfour* brief without a Section B.[1]  The Oregon Court of Appeals affirmed

---

[1] Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

4 - FINDINGS AND RECOMMENDATION

without opinion. *Ryder v. Hill*, 200 Or. App. 141, 113 P.3d 990 (2005). Petitioner's petition for review by the Oregon Supreme Court also consisted of a *Balfour* brief without a Section B. Review was denied. *Ryder v. Hill*, 339 Or. 156, 119 P.3d 224 (2005).

Petitioner filed the instant petition on October 13, 2005, raising ten grounds for relief premised on ineffective assistance of trial counsel. Petitioner acknowledges that he addressed only one claim in his memorandum, that trial counsel coerced him into accepting the plea agreement making his jury waiver unknowing (Ground Ten).[2] Respondent argues Petitioner's claims are unexhausted and procedurally defaulted because Petitioner's PCR appeals presented no issues to the state courts, and Petitioner has not excused his default. Without conceding his claims are procedurally defaulted, Petitioner argues that any procedural default should be excused because he is actually innocent of the offenses relating to the 11-year old (Counts 3 and 4).

## DISCUSSION

I. Grounds for Relief One through Nine

Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show

---

[2]Petitioner concedes his waiver of a jury trial was voluntary, but contends it was "unknowing." (Petr.'s Mem. 8, 9.)

5 - FINDINGS AND RECOMMENDATION

cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."  In his Answer, Respondent contends that all Petitioner's grounds for relief are unexhausted and procedurally defaulted as a result of Petitioner filing *Balfour* briefs with no Section B in his state PCR appeals. Petitioner did not argue Grounds One through Nine in his memorandum.  Accordingly, relief is precluded as to these claims. Petitioner's claim that trial counsel coerced him into accepting the plea agreement making his jury waiver unknowing (Ground Ten) is addressed separately since Petitioner argued this claim in his memorandum and alleges actual innocence to excuse his procedural default.

II. <u>Ground for Relief Ten</u>

    A.  Exhaustion and Procedural Default

Generally, before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings.  *See*  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)(state courts must have an opportunity to act on claims before they are presented in a habeas petition).  The exhaustion requirement is satisfied when federal claims have been fairly

6 - FINDINGS AND RECOMMENDATION

presented to the state's highest court as a federal question. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). The proper factual and legal basis for the claim must be presented to the state court. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

If a petitioner has not "fairly presented" his federal claims in state courts, and can no longer do so under state law, then the petitioner's state-court remedies are technically exhausted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir. 1996). When state-court remedies are "technically exhausted" they are also "procedurally defaulted" because the state court has not had an opportunity to hear the claims before the federal court considers them. *O'Sullivan,* 526 U.S. at 842. In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. § 138.650 (2005).

Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice, unless the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529

U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750. Demonstrating that a fundamental miscarriage of justice will occur requires a petitioner to establish his factual innocence. *Schlup v. Delo,* 513 U.S. 298, 329 (1995); *Calderon v. Thomspon*, 523 U.S. 538, 559 (1998); *Wildman v. Johnson*, 261 F.3d 832, 842,43 (9th Cir. 2001). A prisoner must present *credible evidence* of his innocence. *Schlup*, 513 U.S. at 327.

Petitioner clearly did not fairly present his claim that trial counsel coerced him into accepting the plea agreement making his jury waiver unknowing (Ground Ten) to the state courts when he filed *Balfour* briefs with no Section B in his appeals of the PCR court decision. Since the time for presenting his claim to the state courts is past, Petitioner has procedurally defaulted his claim. However, Petitioner seeks an evidentiary hearing to show the court that he is actually innocent of Counts 3 and 4, and that a fundamental miscarriage of justice will occur if his defaulted claim is not considered.

B. Actual Innocence

Relief from procedural default based on a claim of actual innocence is reserved for truly extraordinary cases. *House v. Bell*, 126 S.Ct. 2064, 2077 (2006); *Schlup*, 513 U.S. at 324. A petitioner's claim of innocence must be "supported . . . with new reliable evidence - whether it be exculpatory scientific

8 - FINDINGS AND RECOMMENDATION

evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *House*, 126 S.Ct. 2064, 2077 (2006) (quoting *Schlup*, 513 U.S. at 324); *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003). Without new evidence of innocence, "even the existence of a . . . meritorious constitutional violation is not sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. Moreover, a petitioner "does not meet the threshold requirement [for relief] unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329.

Here, Petitioner submitted no new evidence to support his claim of innocence. Rather, he reiterates the basis for challenging his convictions on Counts 3 and 4 that he presented in his PCR trial, and asks the court to grant him an evidentiary hearing such that he can "personally address the Court on the evidence of his innocence." (Petr.'s Mem. 10, 11.)

28 U.S.C. § 2254 limits when a district court may grant habeas relief, and 2254(e)(2) defines the limited circumstances under which a district court may grant an evidentiary hearing on habeas claims. *See Schriro v. Landrigan*, 127 S. Ct. 1933, 1939-

9 - FINDINGS AND RECOMMENDATION

40 (2007), *reh'g denied*, 128 S. Ct. 7 (2007). However, the decision to grant an evidentiary hearing on issues of actual innocence to excuse procedural default remains at the discretion of the district court under Rule 8(a).[3] *Id*. at 1937, 1939; *House*, 126 S. Ct. at 2078. In this case, based on the record I find an evidentiary hearing is not warranted.

Petitioner proposes to testify to facts that may have led to the 11-year old's accusations against him, and to her inconsistent pre-trial statements. However, Petitioner has not presented new reliable evidence of his innocence, and, in the absence of such evidence, he has not shown that his proposed testimony would be materially different from his testimony in the state PCR proceedings, which is before the court. Because Petitioner has "failed to show what . . . an evidentiary hearing might reveal of material import on his assertion of actual innocence[,]" an evidentiary hearing is not warranted. *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002) (evidentiary hearing unnecessary); *Griffin*, 350 F.3d at 966 (9th Cir. 2003) (hearing unnecessary when petitioner failed to establish that a

---

[3]"If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a), Rules Governing §2254 Cases in U.S. Distr. Ct.

10 - FINDINGS AND RECOMMENDATION

hearing would produce evidence more reliable or more probative than that already before the court).

Petitioner has not satisfied the stringent requirements for passing the actual innocence gateway to excuse procedural default. Accordingly, habeas relief as to his claim that trial counsel coerced him into accepting the plea agreement making his jury waiver unknowing (Ground Ten) is precluded.

## CONCLUSION

For the reasons stated above, the Amended Petition for Writ of Habeas Corpus (#14) should be denied and this action dismissed.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due March 13, 2008. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due March 27, 2008, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this   27th   day of February, 2008.

/s/ Dennis J. Hubel
_____
Dennis J. Hubel
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION