```
              IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF OREGON



JOHN FRANCIS RYDER,                   05-CV-1570-HU

            Petitioner,               OPINION AND ORDER
v.

JEAN HILL,

            Respondent.


STEVEN T. WAX
Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR 97204
(503) 326-2123

TONIA L. MORO
Assistant Federal Public Defender
15 Newtown Street
Medford, OR 97501
(541) 776-3630

               Attorneys for Petitioner
```

1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**LESTER R. HUNTSINGER**
Assistant Attorney General
Department of Justice
1162 Court Street, NE
Salem, OR 97301-4096
(503) 947-4700

        Attorneys for Respondent

**BROWN, Judge.**

    Magistrate Judge Dennis James Hubel issued Findings and Recommendation (#42) on February 27, 2008, in which he recommended the Court deny Petitioner John Francis Ryder's Petition for Writ of Habeas Corpus (#2) on the grounds that Petitioner's unexhausted claims are procedurally defaulted and Petitioner did not make a showing of actual innocence sufficient to excuse any of the defaulted claims.  Petitioner filed timely objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

    In his Objections, Petitioner asserted for the first time

2 - OPINION AND ORDER

that he had exhausted his claims on the basis that even though he did not file a separate Section B to his attorney's *Balfour* brief submitted to the Oregon Court of Appeals or to the Oregon Supreme Court, he incorporated by reference all of his claims made in his initial state habeas petition.

**I.    Habeas Proceedings in State Court**

On June 4, 2003, Petitioner filed a petition for post-conviction relief in Malheur County Circuit Court in which he raised 13 claims for ineffective assistance of counsel, including a claim that trial counsel coerced Petitioner into taking a plea and agreeing to a stipulated-facts trial.  In July 2004, Malheur County Circuit Court denied Petitioner's request for relief.

On February 25, 2005, Petitioner appealed the Malheur County Circuit Court's denial by filing a brief with the Oregon Court of Appeals pursuant to *Balfour v. State of Oregon*, 311 Or. 434 (1991).  In Section A of that brief under the heading "Nature of the Proceeding," Petitioner's counsel noted "Petitioner appeals from the denial of his petition for post-conviction relief.  A copy of the petition is attached at ER 1-4."  Counsel further noted "Appellant has been given the opportunity to draft and submit a Section B brief with the assistance of counsel.  It will be submitted by counsel if returned completed."  Petitioner did not complete or file a Section B brief.

On May 25, 2005, the Oregon Court of Appeals affirmed the

3 - OPINION AND ORDER

.
.

decision of the Malheur County Circuit Court without opinion. *Ryder v. Hill*, 200 Or. App. 141 (2005).

On June 30, 2005, Petitioner petitioned the Oregon Supreme Court for review of the Oregon Court of Appeals decision. In his petition for review, Petitioner stated under his Prayer for Review that he "asks [the Oregon Supreme Court] to review and reverse the decision of the Court of Appeals in *Ryder v. Hill*, A125688." Under the heading "Substance of Petition for Review," Petitioner's attorney noted "Petitioner filed an unsupported *Balfour* brief below. If petitioner submits a Section B, it will be filed with the court." Petitioner did not attach a copy of his original petition for review to his petition submitted to the Oregon Supreme Court or file a Section B *Balfour* brief.

On August 9, 2005, the Oregon Supreme Court denied Petitioner's request for review.

## II. *Balfour* Briefs Generally

When appointed counsel concludes only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet the constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A of a *Balfour* brief is signed by counsel and must contain a statement of the case sufficient to apprise the court of the jurisdictional basis for the appeal, but it does not contain any assignments of error or argument. Section B of a *Balfour* brief is signed only by the

4 - OPINION AND ORDER

appellant and is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour*, 311 Or. 451-52.

## III. Analysis

In his Objections, Petitioner notes on August 15, 2007, the Ninth Circuit certified to the Oregon Supreme Court the following question:

> Whether, under its rules or practice, the Oregon Supreme Court would deem a federal question not properly raised before it, when that question has been presented by means of an attachment to a *Balfour* brief filed in the Court of Appeals, and the attachment served as (but was not labeled as) Section B of said brief, and the petitioner specifically states in his petition to the Supreme Court that his reasons for seeking review are set forth in the *Balfour* brief.

*Farmer v. Baldwin*, 497 F.3d 1050, 1055-56 (9th Cir. 2007). Petitioner here claims the circumstances in this case are the same as those in *Farmer*, and, therefore, the Court should "take the matter under advisement" until the Oregon Supreme Court responds to the certification question. The Court disagrees. In *Farmer* the facts were as follows:

> Farmer . . . sought state post-conviction relief, alleging in his post-conviction petition to the trial court that he had been denied adequate assistance of both trial and appellate counsel, in violation of the Sixth and Fourteenth Amendments. He also claimed that both his conviction and sentence violated his federal guarantees of due process and equal protection, and that he had been searched in violation of the Fourth Amendment.

5 - OPINION AND ORDER

On appeal from the trial court's denial of Farmer's post-conviction petition, his appellate attorney in October 2001 attempted to submit a "no-merits" brief according to the procedure outlined in *State v. Balfour*, 311 Or. 434, 814 P.2d 1069 (1991). . . . Farmer's appellate attorney drafted Section A of the *Balfour* brief, in which he stated that he had conferred with Farmer and Farmer's post-conviction trial counsel in an effort to identify any non-frivolous claim to raise on appeal. Section A did not contain any assignment of error, but did state that Farmer "has filed a Petition for Post-Conviction Relief and makes all the allegations set forth therein." This portion of the brief also stated that Farmer was offered an opportunity to draft and submit Section B with the assistance of counsel, but that he instead chose "to attach a copy of his post-conviction petition, in the hopes of at least preserving all the issues presented therein." Farmer's post-conviction petition was appended to Section A of the brief in original form, but without a heading identifying it as "Section B" of the brief.

After the Oregon Court of Appeals affirmed without opinion, Farmer filed a petition for review in the Oregon Supreme Court in July 2002. On the petition's opening page Farmer stated that he intended to rely on the petition itself and the briefs filed in the court of appeals. In the body of his petition Farmer raised no claims and made no assignments of error, but stated inter alia that: (1) the reasons justifying reversal of the court of appeals "are set forth in the appellate brief"; and (2) his position was "set forth in the . . . [B]alfour brief." Farmer did not attach a copy of the *Balfour* brief to his petition for review. The Oregon Supreme Court summarily denied review. *Farmer v. Baldwin*, 334 Or. 631, 54 P.3d 1041 (2002).

Farmer thereafter filed the [a federal] habeas petition, in which he again alleged that he had been deprived of his federal right to effective trial and appellate assistance, that his federal guarantees of due process and equal protection had been violated, and that he was

6 - OPINION AND ORDER

>       searched in violation of the Fourth Amendment.
>       The district court concluded that because Farmer
>       did not "fairly present" his federal claims to the
>       Oregon Supreme Court, those claims were not
>       exhausted and federal habeas review was therefore
>       precluded under the Antiterrorism and Effective
>       Death Penalty Act of 1996 (AEDPA).

497 F.3d 1052-53. The Ninth Circuit noted a state prisoner must exhaust all available state remedies before he seeks federal habeas relief. *Id*. at 1053 (citing 28 U.S.C. § 2254(b)(1)). To properly exhaust state remedies, a prisoner "'must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" *Id*. (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). The Ninth Circuit, therefore, summarized its "central inquiry" as whether Farmer's petition for review, "which refers directly and repeatedly to his *Balfour* brief, to which his original post-conviction petition was attached in place of . . . Section B, and which attachment explicitly stated his federal claims" constituted fair presentment of those claims to the Oregon Supreme Court. *Id*.

   The Ninth Circuit acknowledged Farmer's petition for review to the Oregon Supreme Court did not comply with Oregon's appellate rules "generally covering such petitions." *Id*. Nevertheless, the court was "persuaded . . . the lower *Balfour* pleading standard . . . applies to Farmer's petition." *Id*. at 1054. The Ninth Circuit noted, however, it is "unaware of the extent to which the Oregon Supreme Court may be flexible in

7 - OPINION AND ORDER

applying [the *Balfour*] rule, particularly with respect to a petitioner's referring the Court to a statement of claims set forth in a *Balfour* brief filed in the Court of Appeals." *Id*. Accordingly, the Ninth Circuit certified the above question to the Oregon Supreme Court. *Id*.

Unlike the petitioner in *Farmer*, Petitioner here did not refer "directly and repeatedly to his *Balfour* brief" in either his petition before the Oregon Court of Appeals or in his petition before the Oregon Supreme Court. Petitioner also did not attach a copy of his original petition for post-conviction relief to his petition for review before the Oregon Supreme Court. Finally, it is questionable whether merely attaching a copy of the petition for post-conviction review to a petition before the Oregon Court of Appeals as Petitioner did is sufficient to put the Oregon Court of Appeals on notice of Petitioner's claims. The Court, therefore, concludes the facts here are distinguishable from those in *Farmer* and Petitioner has not established he procedurally exhausted his claims in the state habeas process before he sought federal habeas relief. Accordingly, the Court adopts the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Hubel's Findings and

8 - OPINION AND ORDER

Recommendation (#42) and, therefore, **DENIES** Petitioner John Francis Ryder's Petition for Writ of Habeas Corpus (#2).

    IT IS SO ORDERED.

    DATED this 3rd day of June, 2008.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER